UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN F. THORNTON,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>MARY E. PANDREA, a single woman Individually and as Trustee of the Kari A. Clark and Mary E. Pandrea Revocable Trust u/a April 9, 2002;<br><br>    Defendant,<br>and<br><br>KENNETH J. BARRETT and DEANNA L. BARRETT, husband and wife,<br><br>    Defendants/Counterclaimants. | Case No. 2:17-cv-367-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff/Counterdefendant John F. Thornton's Motion to Quash (Dkt. 5) as well as Defendants Kenneth J. Barrett and Deanna L. Barrett's ("the Barretts") Motion to Dismiss and Remand to State Court (Dkt. 7). Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motion on the record without oral argument. Dist. Idaho Loc. Civ. R.

7.1(d)(2)(ii). For the reasons set forth below, the Court DENIES Thornton's Motion to Quash and GRANTS the Barretts' Motion to Dismiss and Remand to State Court.

## II. BACKGROUND

On August 14, 2013, Thornton filed his Complaint against Mary E. Pandrea and Kari A. Clark in the State of Idaho, First Judicial District, Bonner County. Thornton's claims were for quiet title of an easement and a parcel of property owned by the Defendants referred to as the "Well Piece."

On September 3, 2013, Pandrea filed her Answer. On December 9, 2013, Clark filed her Answer, Affirmative Defenses, Counterclaims, and Demand for Jury Trial. Clark's counterclaims were for injunctive relief for interference with her easement rights and for quiet title.

On November 7, 2013, Pandrea filed a Motion to Dismiss. Thornton opposed Pandrea's Motion. On January 6, 2014, the Court held a hearing on Pandrea's Motion, which the court treated as a motion for summary judgment. On January 14, 2014, the State Court issued its Order granting in part and denying in part Pandrea's Motion to Dismiss. As part of this decision, the State Court determined Thornton had not adversely possessed the Well Piece.

On January 30, 2014, Clark filed a Motion for Summary Judgment on Thornton's claims and a Motion for Partial Summary Judgment on her counterclaims. On April 9, 2014, the State Court entered its Order Granting Clark's Motion for Summary Judgment as to Claims of Plaintiff Thornton, and as to Clark's Counterclaims against Thornton. On

April 18, 2014, Thornton and Clark stipulated to dismiss Clark's remaining claim for damages against Thornton. The State Court entered Judgment on these claims on April 30, 2014.

Thornton and Pandrea stipulated to dismiss Thornton's claims against Pandrea and the Court granted an order of dismissal on May 21, 2014.

On June 30, 2014, the State Court awarded costs and attorney fees to Clark, and awarded Rule 11 sanctions against Thornton and his attorney/wife, Val Thornton. The Court's Amended Judgment awarded Clark $41,530.17 jointly and severally against John and Val Thornton. The Amended Judgment was recorded with the Bonner County Recorder on June 30, 2014.

On June 30, 2014, Plaintiff filed his Notice of Appeal with the Idaho Supreme Court. Plaintiff's attorney/wife, Val Thornton, filed a joinder in the appeal in order to appeal the award of sanctions against her.

On August 4, 2014, the State Court entered an order wherein it substituted Barretts in the stead of Clark.[1]

The Idaho Supreme Court heard the Thorntons' appeal on August 31, 2016. On September 14, 2016, the Idaho Supreme Court issued its Opinion wherein it upheld the decisions of the State District Court, including the imposition of the Rule 11 sanctions

---

[1] It is not clear from the record why this substitution took place.

against both the Thorntons in the amount of $41,530.17. The Idaho Supreme Court additionally awarded attorney fees in the amount of $13,386.76 to the Barretts under Idaho Code § 12-121 for having to defend against the Thorntons' frivolous appeal.

Since obtaining their judgment against the Thorntons, the Barretts have made several attempts to execute on it, and it has been partially satisfied through these efforts. After a sheriff's sale was held on April 26, 2016, wherein the Barretts acquired the Well Piece (which the Thorntons acquired from Pandrea on October 23, 2014), the Thorntons filed a Motion to Set Aside the Sale. The State District Court denied the Motion.

On August 14, 2017, the Barretts obtained an Order for Examination of Judgment Debtors under Idaho Code § 11-501. The State Court set a debtor's examination for September 6, 2017. Thornton did not file any objection with the State Court opposing the issuance of the Order. On the day of the debtor's examination, however, Thornton filed his Notice of Removal to District Court. He also failed to show up for the debtor's examination.

Thornton now seeks an order from this Court quashing the State Court order for a debtor's exam claiming that such is unconstitutional and tantamount to harassment. The Barretts respond with a Motion to Dismiss, asking the Court to remand this matter back to the State Court to complete the necessary proceedings.

### III. DISCUSSION

The numerous legal theories put forth by Thornton in this case are inaccurate, meritless, and often flat-out inconsistent with the law. Although the Court could delve

into the many reasons why this complaint would never be able to move forward,[2] the Court need not address these because removal was not proper.[3]

## A. MERITS OF REMOVAL

The removal of a case from state court to federal court is governed by 28 U.S.C. §§ 1441-1455. These statutes outline when removal is proper and the relevant procedures that must take place to effectuate removal. In the current matter there are multiple reasons removal was improper.

First, under 28 U.S.C. § 1441(a), only cases "of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." The claims in this case raise no federal questions and do not invoke diversity jurisdiction. As such, this Court lacks subject matter jurisdiction and cannot hear this case.

Second, and most important to the Court's analysis today, under 28 U.S.C. § 1446(a), only *defendants* may remove an action to federal court. Here, the Thorntons initiated removal. This was improper. John Thornton was the plaintiff in the underlying state court action, and Val Thornton was neither defendant nor plaintiff but rather an

---

[2] In this case, it appears that the legal principles of claim preclusion and issue preclusion would act as a bar to this suit because the subject matter has already been litigated, appealed, and/or settled. Furthermore, it is not clear this Court could even grant the requested relief—quashing a state court ordered debtor's exam. Thornton cites no authority that would allow this Court to undertake such action.

[3] Additionally, the Court need not discuss the merits of Thornton's Motion to Quash. Because the Court finds that removal was improper, any and all filings with this Court are deemed moot.

intervener on appeal (and John Thornton's attorney). Either way, neither of the Thorntons qualify as "defendants."

Thornton puts forth two arguments to get around this issue. First, Thornton claims that because he is a counterdefendant in the underlying case he is entitled to an opportunity to remove. This assertion misstates the law. The Ninth Circuit has been very clear that:

> [the] accepted understanding of "defendant" as excluding plaintiff/counterclaim defendants and third-party defendants survived the enactment of § 1453(b). We recognized this, albeit in dicta, *in Progressive West*, where we observed that § 1453(b) "[did] not create an exception to *Shamrock's* longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court."

*Westwood Apex v. Contreras,* 644 F.3d 799, 805 (9th Cir. 2011). Taking a more liberal view of his position, Thornton second argument is that because he is "defending" against the Barretts' unconstitutional collection efforts[4] he is allowed to remove. Thornton cites no case law for this position and the Court will not give this argument any weight.

Third, under 28 U.S.C. § 1446(b)(l), a defendant has 30 days after service to remove a civil action to federal court. In this case, Thornton would have had to remove this matter approximately four years ago to be timely. Again, Thornton argues that this 30 day window does not run from the underlying action, but rather should be 30 days from

---

[4] Thornton calls these collection efforts an unconstitutional "taking" under color of law. This is an entirely separate legal concept that the Court will not address. Suffice to say, it is not applicable here nor does it make Thornton a defendant and allow him to remove the action to federal court.

the time he had to "defend" himself against the Barretts unlawful efforts to collect on the judgment. Thornton cites no case law for this proposition either and the Court will likewise dismiss this argument.

In short, Thornton had no legal right to remove this case. Other legal issues aside (all of which would likewise require dismissal), Thornton failed at the outset by frivolously removing this action when he was not legally entitled to do so. Removal appears to be nothing more than a delaying tactic by Thornton to avoid his obligations under prior state court orders. The Court will not take jurisdiction over this case as removal was wholly improper.

## B. ATTORNEY FEES AND COSTS

Finally, the Court will award attorney fees and costs to the Barretts in this matter. The Court has wide discretion in awarding attorney fees and, although the scope is narrowed when it comes to attorney fees based on removal, the Court feels that the burden has been met here. The United States Supreme Court has stated:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing

party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005) (internal citations omitted). Here, removal was not reasonable or based on any cognizable legal theory, but was meritless, frivolous, and done in order to delay pending state court post-judgment proceedings. The Court therefore awards fees and costs in favor of Defendants.

The Barretts shall file a short motion and memorandum, not to exceed 5 pages, and supporting documents explaining the amount of attorney fees requested and how such fees were incurred in obtaining a remand of this case to state court. The Barretts shall file this motion and any relevant documents within 30 days of the date of this order. Thornton may then file a response brief within 14 days not to exceed three pages, and the Court will then make a final determination. Even though the Court is remanding the case to state court, this Court will retain jurisdiction to determine the amount of fees to be paid because "the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand . . . ." *Moore v. Permanente Med. Grp., Inc.,* 981 F.2d 443, 448 (9th Cir. 1992).

### IV. ORDER

**IT IS ORDERED:**

1. Plaintiff/Counterdefendant John F. Thornton's Motion to Quash (Dkt. 5) is **DENIED.**

2. Defendants Kenneth J. Barrett and Deanna L. Barrett's Motion to Dismiss and Remand to State Court (Dkt. 7) is **GRANTED**. This case is hereby **REMANDED TO STATE COURT.**

3. The Court will retain jurisdiction in this matter for the sole purpose of determining the amount of fees and costs to award to Defendants. Defendants have 30 days to submit a motion for costs and attorney fees as outlined in Section III.B. of this Memorandum Decision and Order.

DATED: January 5, 2018

_____
David C. Nye
U.S. District Court Judge